**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JUSTIN P. SMITH,
    Appellant,

   v.

DEPARTMENT OF VETERANS
 AFFAIRS,
    Agency.

DOCKET NUMBER
PH-0752-17-0139-I-1

DATE: June 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kristyn M. Houchen</u>, Esquire, Ventura, California, for the appellant.

<u>Shelly S. Glenn</u>, Baltimore, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his removal for lack of jurisdiction, as he failed to demonstrate that the waiver of Board appeal rights in the last chance agreement (LCA) that he entered into with the agency should not be enforced. Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     In January 2015, the agency proposed to remove the appellant from the Federal service due to conduct unbecoming, loafing while on duty, and lack of candor. Initial Appeal File (IAF), Tab 5 at 53-55. On May 1, 2015, the appellant voluntarily entered into an LCA with the agency wherein he admitted to the charges of misconduct in the proposal and agreed that his removal was the traditional penalty for his misconduct. *Id.* at 51-52. Through the LCA, the agency agreed to hold the decision to remove the appellant in abeyance in exchange for him not engaging in any act of sustained misconduct over a 2-year period from the May 1, 2015 effective date of the agreement. *Id.* In the event that the appellant violated the LCA by committing an act of sustained misconduct and the agency issued the removal decision held in abeyance, the appellant agreed to waive his rights to appeal such a removal to the Board. *Id.*

¶3      On May 13, 2016, the appellant and his first-line supervisor engaged in a verbal altercation in the presence of another employee and a customer of the office. IAF, Tab 5 at 30-32, 35, 37; Hearing Compact Disc (HCD) (testimony of customer), (testimony of the employee who witnessed the altercation). During this altercation, the appellant used profanity and raised his voice. IAF, Tab 5 at 30-32, 35, 37; HCD (testimony of customer), (testimony of the employee who witnessed the altercation). The customer who witnessed this incident felt nervous and uncomfortable. IAF, Tab 5 at 37; HCD (testimony of customer). The agency determined that since the appellant's behavior constituted misconduct, he was in breach of the LCA. IAF, Tab 5 at 19-20. As a result, the agency reinstated the removal decision held in abeyance from 2015 and the appellant's removal became effective December 13, 2016. *Id.*

¶4      The appellant filed an initial appeal with the Board over his removal claiming that he did not violate the LCA. IAF, Tab 1 at 7. After holding a jurisdictional hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 18, Initial Decision (ID). The administrative judge determined that the appellant failed to meet his burden of proving that the Board has jurisdiction over the appeal of his removal, as he did not demonstrate that the waiver of appeal rights in the LCA should not be enforced. ID at 1-9. Further, the administrative judge found that, because the Board lacked jurisdiction to adjudicate the underlying removal action, it could not address the appellant's affirmative defenses. ID at 9. The appellant filed a petition for review of the initial decision, to which the agency responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5　　　An appellant bears the burden to establish by preponderant evidence that his appeal is within the Board's jurisdiction.[2] 5 C.F.R. § 1201.56(b)(2)(i)(A). The Board generally lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives his rights to appeal to the Board. *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007). To establish that a waiver of appeal rights in an LCA should not be enforced, an appellant must show one of the following: (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake.[3] *Id.*

¶6　　　On review, the appellant claims that the administrative judge erred in not considering the arguments that he raised regarding his first-line supervisor. PFR File, Tab 1 at 7-8, 11-12. The appellant alleges that his former supervisor is to blame for his conduct since she provoked him, and that as a supervisor, the agency needed to hold her to a higher standard. *Id.* The appellant reasons that the agency should not have disciplined him for his conduct, as his supervisor only received an admonishment for her role in the altercation, the lowest form of discipline. *Id.* at 8, 11. The appellant then states that the agency violated his due process rights because, prior to his removal, he did not receive notice that arguing with his supervisor constituted misconduct. *Id.* at 9-10.

¶7　　　These arguments relate to the penalty determination, which the Board will not consider here due to the lack of jurisdiction over the removal taken pursuant

---

[2] Preponderant evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] At the hearing and on review, the appellant proffered no argument that he involuntarily entered the LCA or that the LCA resulted from fraud or mutual mistake. Throughout the adjudication of this appeal, the appellant and the agency showed a mutual understanding of the terms of the LCA and neither disputed the agreement's contents or effect. IAF, Tab 1 at 7, Tab 4 at 4-5, Tab 5 at 8-9, Tab 12 at 4-5, Tab 13 at 4.

to an LCA with a valid waiver of Board appeal rights. *See Martin v. Department of Defense*, 70 M.S.P.R. 653, 657 (1996); *see also Voss v. U.S. Postal Service*, 119 M.S.P.R. 324, ¶ 10 (2013) (remanding an appeal for the administrative judge to reconsider the reasonableness of the penalty in light of the appellant's disparate penalty claim); *Wilburn v. U.S. Postal Service*, 28 M.S.P.R. 524, 527 (1985) (holding that provocation is a mitigating factor); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981) (finding that the clarity with which the employee was on notice or had been warned about the conduct in question is a factor to be considered when determining the appropriateness of a penalty). In any event, an agency is not required to describe in detail all potentially prohibited employee conduct and subsequent discipline. *See Goldstein v. Department of the Treasury*, 62 M.S.P.R. 622, 627 (1994), *vacated and remanded on other grounds*, 62 F.3d 1430 (Fed. Cir. 1995) (Table); *see also Byers v. Department of Veterans Affairs*, 89 M.S.P.R. 655, ¶ 24 (2001) (finding that the agency did not need to outline every possible example of patient abuse in its training manuals and seminars).

¶8      The appellant then alleges on review that the administrative judge considered additional allegations of misconduct, outside of the removal decision, when finding that he did not comply with the LCA. PFR File, Tab 1 at 12-13. The additional allegations that the appellant cites consist of the employee's hearing testimony concerning what she witnessed during the May 13, 2016 altercation. *Id.* The administrative judge weighed this testimony as evidence, not as further allegations of misconduct. ID at 8. This argument provides no basis to disturb the initial decision.

¶9      On review, the appellant contends that the initial decision fails to provide clear and reasoned findings and conclusions. PFR File, Tab 1 at 13-15. Initial decisions must contain findings of fact and conclusions of law for the material issues presented in the record, along with the corresponding reasons or bases. 5 C.F.R. § 1201.111(b)(1)-(2); *see Spithaler v. Office of Personnel Management*,

1 M.S.P.R. 587, 589 (1980). The initial decision issued here meets this standard. ID at 1-9. The appellant also states that the initial decision is deficient because the administrative judge did not assess whether the agency proved by preponderant evidence that he engaged in misconduct. PFR File, Tab 1 at 14. The burden was not on the agency to do so. As a result of the LCA, in which the appellant agreed to a waiver of Board appeal rights, the administrative judge first needed to determine whether the Board had jurisdiction over the appeal. *Willis*, 105 M.S.P.R. 466, ¶ 17; IAF, Tab 5 at 19-20, 51-52. The burden was on the appellant to establish jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A). Because the appellant failed to meet his requisite burden of proving jurisdiction, the administrative judge properly dismissed the appeal.

¶10 The appellant further argues on review that the administrative judge erred by finding the hearing testimony of the employee who witnessed the altercation more credible than his testimony. PFR File, Tab 1 at 15-16. To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

¶11 The employee who witnessed the altercation between the appellant and his first-line supervisor testified that the appellant used profanity, while the appellant

contends that he did not recollect doing so.[4] HCD (testimony of the appellant), (testimony of the employee who witnessed the altercation). The administrative judge analyzed the appropriate *Hillen* factors in finding the employee's testimony more credible. ID at 4-6. The administrative judge considered that the statement prepared by the employee following the altercation did not reference the use of profanity, but determined that this employee's hearing testimony was substantially consistent with the rest of her previous statement prepared closer to the date of the argument. ID at 5; IAF, Tab 5 at 35; HCD (testimony of the employee who witnessed the altercation). The administrative judge also referenced the contemporaneous email that the appellant's first-line supervisor sent on May 13, 2016, in which she too stated that the appellant cursed at her, further corroborating this employee's testimony. ID at 5; IAF, Tab 5 at 32. Moreover, the administrative judge found that this employee had no reason for bias against the appellant. ID at 5. The accounts of the altercation from the appellant's first-line supervisor and the other witness align with this employee's testimony as well. IAF, Tab 5 at 30-32, 35, 37; HCD (testimony of customer), (testimony of the employee who witnessed the altercation).

¶12      In summary, the administrative judge found that, after assessing each witness's demeanor and taking into account the first-line supervisor's contemporaneous email, the employee's testimony regarding the use of profanity was credible. ID at 6. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of a testifying witness. *Haebe v. Department of Justice*,

---

[4] In the removal decision, the agency did not allege that the appellant used profanity; rather, it concluded that he committed misconduct by engaging in a verbal altercation with his supervisor. IAF, Tab 5 at 20. During the hearing, conflicting testimony was taken on whether the appellant used profanity during the altercation, but the agency's decision that the appellant engaged in misconduct and violated the LCA did not hinge on the appellant's use of profanity. IAF, Tab 5 at 9-10, 12-13, 20; HCD (testimony of the appellant), (testimony of the employee who witnessed the altercation).

288 F.3d 1288, 1301 (Fed. Cir. 2002). The Board may overturn such determinations only when it has sufficiently sound reasons for doing so. *Id.* There is no sufficiently sound reason for doing so in this matter.

¶13    Accordingly, we affirm the initial decision.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.